# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1142

_____

United States of America,                *
                                         *
            Plaintiff - Appellee,        *
                                         *   Appeal from the United States
      v.                                 *   District Court for the Western
                                         *   District of Missouri.
Andre Booker,                            *
                                         *     [UNPUBLISHED]
            Defendant - Appellant.       *

_____

Submitted:   September 8, 2004
     Filed:   July 29, 2005

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

      Andre Booker (the "defendant") pled guilty to one count of being a felon in possession of a firearm. He moved for a downward departure, alleging that he possessed the firearm solely for the purpose of self-defense. He alleged that possession of the firearm was necessary because he had testified in a murder trial, he had been shot, two of his brothers had been murdered, and numerous people had been

following him. The district court[1] found his claims regarding self-defense partially credible. The district court noted, however, that his claims were not sufficient to justify a downward departure. After denying his motion for a downward departure, the district court calculated a Guidelines range of thirty to thirty-seven months. The district court stated, "I am not going to go to the top of the Guidelines partly because I am convinced that it was self-protection here, but I don't think I should go to the complete bottom of the Guidelines, either." The district court then sentenced the defendant to thirty-three months' imprisonment.

The defendant's counsel filed an appeal brief under Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. While that appeal and motion were pending, the Supreme Court issued its opinion in Blakely v. Washington, 124 S.Ct. 2531 (2004). We subsequently entered an order denying counsel's motion to withdraw and instructing counsel to determine whether the defendant wished to challenge his sentence based on Blakely. Counsel then filed notice of the defendant's intention to present additional argument under Blakely. Since then, the Supreme Court has decided United States v. Booker, 125 S.Ct. 738 (2005), which declared the Sentencing Guidelines effectively advisory in all cases.

When a defendant raises a Blakely claim for the first time on appeal, we review for plain error under the standard set forth in United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005). To show prejudice under Pirani, a defendant must show a reasonable probability that the district court would have granted a lesser sentence had the district court not treated the Guidelines as mandatory. Id. Here, the district court sentenced the defendant in the middle of the applicable range. The district court specifically noted the impropriety, under the facts of the case, of imposing a sentence at the top or bottom of the range. There is nothing to suggest that the district court

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

would have given Mr. Booker a lesser sentence had the district court not treated the Guidelines as mandatory.

Finding no other issues that merit discussion, <u>see</u> 8th Cir. R. 47B, the judgment of the district court is affirmed.

_____